**Vanessa REDUS, Petitioner,**

v.

**UNITED STATES POSTAL SERVICE, Respondent.**

**No. 01–3277.**

United States Court of Appeals, Federal Circuit.

Nov. 13, 2001.

Before NEWMAN, SCHALL, and BRYSON, Circuit Judges.

## DECISION

PER CURIAM.

Vanessa Redus appeals from a decision of the Merit Systems Protection Board, Docket No. AT-0752-99-0268-M-1, which cancelled her June 12, 1998, removal from the United States Postal Service and ordered that she be made whole. Ms. Redus seeks additional relief, arguing that she should be granted back pay for a period going back at least to 1993. Because Ms. Redus has not shown that the Board's decision is in error, we *affirm*.

## BACKGROUND

Ms. Redus was employed by the Postal Service as a distribution clerk in Memphis, Tennessee. In 1993, Ms. Redus appealed to the Board from a proposed removal. The record shows that the Board dismissed her appeal when she was unable to prove that she was a preference eligible employee with a year of service, as required to establish Board jurisdiction under 5 U.S.C. § 7511(a)(i)(B)(ii). This court affirmed the Board's dismissal of the appeal. *Redus v. Merit Sys. Prot. Bd.*, 26 F.3d 138 (Fed.Cir.1994) (table).

While the record before us does not reflect what happened in the aftermath of that removal action, Ms. Redus was subsequently removed from her position with the Postal Service on July 7, 1995. She grieved that removal, and an arbitration proceeding resulted in her reinstatement. The arbitrator ruled that it was improper for the Postal Service to terminate Ms. Redus for being unable to perform the essential duties of her job because it had not sent her for a fitness for duty examination before removing her. The arbitrator declined to award Ms. Redus any back pay for the period involved in the arbitration, however, because the arbitrator concluded that "the evidence does not support a finding that there was clerical work [she] could have performed within her physical limitations during the period since her removal ...."

Ms. Redus completed her fitness for duty examination on April 23, 1997. The attending physician found that Ms. Redus could perform "the duties of [her] position without limitations ...." Therefore, on May 22, 1997, the Postal Service ordered Ms. Redus to return to work. She did not do so because, as she told the Postal Service, she "did not like the tone of the Notice to return to duty ." On May 5, 1998, the Postal Service sent Ms. Redus a notice of removal. When she failed to return to work, the Postal Service removed Ms. Redus effective June 12, 1998, based on the charges of "failure to report for duty as instructed" and "absent without official leave (AWOL)."

Ms. Redus appealed the June 12, 1998, discharge to the Board. She claimed that the Board had jurisdiction because her husband is a disabled and mentally incompetent veteran, which entitles her to be treated as a preference eligible employee. *See* 5 U.S.C. § 2108(3)(E). An administrative judge ruled that her evidence was inadequate to prove her entitlement to be treated as a preference eligible employee under section 2108(3)(E), and the full Board declined to review the order of dismissal.

When Ms. Redus petitioned this court for review, the Board moved for a remand, which the court granted. On remand, the Board reversed itself, holding that Ms. Redus was entitled to be treated as a preference eligible employee. Because the Postal Service had not advised Ms. Redus of her right to appeal to the Board, the Board held that her appeal was not subject to dismissal for untimeliness. On the merits of her appeal, the Board held that

because Ms. Redus was not given a notice of proposed removal and an opportunity to respond, her removal was improper and had to be overturned. Accordingly, the Board ordered her reinstatement as of June 12, 1998, and ordered the Postal Service to award her back pay from that date until the date of her reinstatement.

## DISCUSSION

Dissatisfied with the relief granted by the Board, Ms. Redus argues that she should have been awarded back pay at least as far back as 1993. Her appeal was limited to her June 12, 1998, removal, however, and the Board has already ordered that she be reinstated and awarded any back pay attributable to that removal action. Her restoration and award of back pay make her whole for the June 12, 1998, removal.

Ms. Redus argues that the issue of her status as a preference eligible employee was before the Board in 1993. While that may be true, her appeal from the 1993 action was dismissed and the dismissal order was upheld by this court. The disposition of that appeal has long since become final, and for that reason Ms. Redus is not entitled to any relief based on any alleged error in the proceedings stemming from the 1993 action. Her present appeal to the Board addressed only her June 12, 1998, removal. The Board has given her all the relief to which she is entitled for that improper removal. The Board did not err by failing to order back pay for the period before that date.