## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MIRRIAM-GRACE MACINTYRE,[1]
      Appellant,

        v.

DEPARTMENT OF DEFENSE,
      Agency.

DOCKET NUMBER
DC-0752-13-4818-I-1

DATE: September 12, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[2]

Mirriam-Grace MacIntyre, Annandale, Virginia, pro se.

William Christopher Horrigan, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction. Generally, we grant petitions such

---

[1] Pursuant to 5 C.F.R. § 1201.36(a), this appeal was part of a consolidation, *Defense Intelligence Agency v. Department of Defense*, MSPB Docket No. DC-0752-14-0632-I-1.

[2] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2    The agency's Defense Intelligence Agency furloughed the appellant for less than 30 days based on the "extraordinary and serious budgetary challenges facing the Department of Defense (DDD) for the remainder of Fiscal Year 2013, the most serious of which is the sequester that began on March 1, 2013," i.e., across-the-board budgetary reductions resulting from the enactment of the Budget Control Act of 2011, as amended by the American Taxpayer Relief Act of 2012. *MacIntyre v. Department of Defense*, MSPB Docket No. DC-0752-13-4818-I-1, Initial Appeal File (IAF), Tab 1 at 30-35.

¶3    After the appellant filed a Board appeal, IAF, Tab 1, the agency moved to dismiss the appeal for lack of jurisdiction because the appellant was not a preference eligible employee, IAF, Tab 3 at 4. The agency noted that the term "preference eligible" is generally defined at 5 U.S.C. § 2108(3) to mean a veteran or a disabled veteran of the U.S. Armed Forces, and that the appellant's appeal form and Standard Form 50 indicated that she was not a preference eligible. IAF, Tab 3 at 5-6. The administrative judge then issued an Order to Show Cause

noting that the agency had moved to dismiss the appeal and ordering the appellant to file evidence and argument showing that the Board had jurisdiction over the appeal. *Defense Intelligence Agency v. Department of Defense*, MSPB Docket No. DC-0752-14-0632-I-1, Consolidated Appeal File, Tab 4.

¶4    After the appellant did not respond to the administrative judge's order, the administrative judge dismissed the appeal for lack of jurisdiction. IAF, Tab 4, Initial Decision (ID). The administrative judge noted that the Board ordinarily has jurisdiction over an appeal filed by an excepted service employee like the appellant if she was: (1) a preference eligible employee who had completed 1 year of current, continuous service in the same or similar positions; or (2) a non-preference eligible employee who was not serving a probationary or trial period under an initial appointment pending conversion to the competitive service, or who had completed 2 years of current, continuous service in the same or similar positions in other than a temporary appointment limited to 2 years or less. ID at 2; *see* 5 U.S.C. § 7511(a)(1)(B)-(C). Nevertheless, the administrative judge also noted that the Board lacks jurisdiction over an appeal filed by an employee whose position is within an intelligence component of DOD (as defined in section 1614 of Title 10 of the U.S. Code) or an intelligence activity of a military department covered under subchapter I of chapter 83 of Title 10 unless the appellant is a preference eligible employee in the excepted service who has completed 1 year of current, continuous service in the same or similar positions. ID at 2; *see* 5 U.S.C. § 7511(b)(8). The administrative judge found that the appellant occupied a position within an intelligence component of DOD, was not a preference eligible employee, and therefore was excluded from appealing to the Board. ID at 2, 4. Given this finding, the administrative judge did not address the apparent untimeliness of the appeal. ID at 1 n.1.

¶5    The appellant asserts on review that she is a preference eligible under 5 U.S.C. § 2108(3)(E) because she is the wife of a service-connected disabled veteran who has been unable to qualify for any appointment in the civil service or

in the government of the District of Columbia. Petition for Review (PFR) File, Tab 1 at 3, 5-6. The appellant submits for the first time on review evidence showing that her husband was honorably discharged from active duty with the Department of the Army and is entitled to and receiving compensation for a service-connected disability that is at least 30% or more disabling. *Id*. at 7-9. She also submits a signed declaration in which her husband attests, "I have never qualified for appointment in the civil service or in the government of the District of Columbia." *Id*. at 10. The agency has filed a response in opposition to the appellant's petition for review. PFR File, Tab 3.

¶6 Under 5 C.F.R. § 1201.115(d), the Board may grant a petition for review when new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. To constitute new evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed. *Id*. Here, the appellant has not shown that, despite her due diligence, the evidence she submits for the first time on review was not available when the record closed. Although some of the evidence submitted by the appellant is dated after the date of the initial decision, she has not shown that the information contained in the documents, not just the documents themselves, was unavailable despite her due diligence when the record closed.

¶7 Even if we were to consider the evidence submitted by the appellant for the first time on review, we would still find that she has not made a nonfrivolous allegation of jurisdiction over her appeal, let alone proven that the Board has jurisdiction over her appeal. Under 5 U.S.C. § 2108(3)(E), the term "preference eligible" means "the wife or husband of a service-connected disabled veteran if the veteran has been unable to qualify for any appointment in the civil service or in the government of the District of Columbia." The plain language of the statute indicates that Congress intended to confer preference-eligible status on spouses of disabled veterans who are unable to support their families through employment

with the government because they suffer from service-connected disabilities. *Redus v. U.S. Postal Service*, 88 M.S.P.R. 193, ¶ 11, *aff'd*, 25 F. App'x 904 (Fed. Cir. 2001). Assuming that the appellant's husband is a service-connected disabled veteran, his statement that he has "never qualified for appointment" in the civil service or in the government of the District of Columbia does not constitute a nonfrivolous allegation that he has been "unable to qualify for any" such appointment. In *Redus*, 88 M.S.P.R. 193, ¶¶ 10-11, for example, the Board found that the appellant presented documentary evidence showing that her husband, due to his service-connected 100% disability rating for mental incompetence, would not have qualified for any position in the civil service or in the District of Columbia government. Thus, the Board held that the appellant was entitled to preference-eligible status. *Id.*, ¶ 12. Here, by contrast, the appellant has not identified the nature and extent of her husband's service-connected disability, let alone alleged or shown that he was unable to qualify for any appointment described at 5 U.S.C. § 2108(3)(E).

¶8    Accordingly, we DENY the appellant's petition for review and AFFIRM the initial decision dismissing this appeal for lack of jurisdiction.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court

has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:              _____
                           William D. Spencer
                           Clerk of the Board

Washington, D.C.