**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

LAVAKE COWART,
                    Appellant,

            v.

UNITED STATES POSTAL SERVICE,
                    Agency.

DOCKET NUMBER
SF-0353-15-0069-I-1

DATE: June 30, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Lavake Cowart, Inglewood, California, pro se.

Kathryn E. Carroll, San Francisco, California, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1     The appellant has filed a petition for review of the initial decision, which dismissed his restoration appeal as untimely filed without good cause shown for the delay in filing.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant is a preference-eligible veteran and a former Electronic Technician, PS-10, at the agency's Los Angeles Processing and Distribution Center (P&DC). Initial Appeal File (IAF), Tab 22 at 156. On October 23, 2014, he filed this appeal alleging that the agency arbitrarily and capriciously denied his request for restoration on December 19, 2011, when it informed the Office of Workers' Compensation Programs (OWCP) that it would not restore him to limited duty. IAF, Tab 1 at 5.

¶3 This is the appellant's fifth Board appeal arising from an altercation with the Postal Police on December 18, 2010, an incident for which the agency unsuccessfully sought to remove him.[2] *See* IAF, Tab 29, Initial Decision (ID) at 2-9. In addition, he filed related claims with the OWCP, the Occupational Safety

---

[2] The applicable Board cases are: *Cowart v. U.S. Postal Service*, MSPB Docket No. SF-0752-13-0140-I-1, Initial Decision (Apr. 12, 2013), *vacated and dismissed*, 120 M.S.P.R. 569 (2014) (Table); *Cowart v. U.S. Postal Service*, MSPB Docket No. SF-0752-11-0465-B-1, Initial Decision (Nov. 5, 2012), *aff'd*, 119 M.S.P.R. 633 (2013) (Table); *Cowart v. U.S. Postal Service*, MSPB Docket No. SF-0752-12-0112-I-1, Initial Decision (Feb. 1, 2012), *aff'd as modified*, 118 M.S.P.R. 319 (2012) (Table); *Cowart v. U.S. Postal Service*, MSPB Docket No. SF-0752-11-0465-I-1, Initial Decision (July 29, 2011), *aff'd and remanded*, 117 M.S.P.R. 572 (2012); and *Cowart v. U.S. Postal Service*, MSPB Docket No. SF-0752-11-0304-I-1, Initial Decision (May 31, 2011).

& Health Administration, the Office of Personnel Management, the Equal Employment Opportunity Commission, and the U.S. District Court for the Central District of California. ID at 2, 9. A detailed litigation summary is set forth in the initial decision and will be reiterated only to the extent necessary for clarity. *See* ID at 2-9. While these various actions were pending, the appellant applied, and was approved, for disability retirement. IAF, Tab 22 at 161. He was officially separated from the agency effective April 30, 2012, because he was found to be "totally disabled for useful and efficient service" in the Electronic Technician position. *Id.* at 156.

¶4    The appellant continued to litigate matters related to his departure, however, and on June 1, 2012, he filed an equal employment opportunity (EEO) complaint in which he alleged that he was discriminated against based on disability (post-traumatic stress disorder) and in retaliation for prior EEO activity. *Id.* at 125, 127-28, 131-55. He alleged that he was forced to retire on disability because the agency failed to accommodate his condition and that "no reasonable person could endure" the agency's treatment and retaliatory acts against him. *Id.* at 145-47. The agency issued a Final Agency Decision on November 9, 2012, finding that he failed to prove his claims. *Id.* at 131-55. The appellant timely appealed the matter to the Board. *See Cowart v. U.S. Postal Service*, MSPB Docket No. SF-0752-13-0140-I-1, Initial Decision (Apr. 12, 2013). The Board docketed the appeal as an involuntary disability retirement claim. *Id.* at 1.

¶5    The appellant moved to amend the appeal to include a claim that the agency denied him restoration under 5 C.F.R. Part 353 as a partially recovered employee who had suffered a compensable injury. *Id.* at 8. The administrative judge advised him to file a separate appeal if he wished to pursue a restoration claim. *Id.* The administrative judge also advised him of the elements and burden of proof in a restoration appeal. *Id.* The appellant did not make any further submission and the record closed. *Id.* at 9. The administrative judge dismissed

that appeal for lack of jurisdiction without holding a hearing. *Id.* at 2, 16. Because the administrative judge found that the Board lacked jurisdiction over the involuntary disability retirement claim, she likewise dismissed the appellant's allegations of discrimination and reprisal. *Id.* at 16. The initial decision was issued on April 12, 2013. *Id.* at 1.

¶6 The appellant filed a petition for review. *See Cowart v. U.S. Postal Service*, MSPB Docket No. SF-0752-13-0140-I-1, Final Order at 1 (Feb. 3, 2014) (Final Order). His petition was dismissed, however, when he entered into a global settlement agreement with the agency arising from a lawsuit he had filed in the U.S. District Court for the Central District of California, *Lavake Cowart and Mai Pham Cowart v. United States*, No. CV 13-01900 JFW (MRWx) (C.D. Cal.) (Nov. 5, 2013). *See* IAF, Tab 22 at 30-36. The Board found that the settlement agreement represented an explicit waiver of his right to appeal an alleged involuntary disability retirement and his claims that the agency had committed discriminatory and retaliatory acts against him. Final Order at 3-4. The Board thus dismissed the petition for review and underlying appeal as settled. *Id.* at 4.

¶7 The appellant filed the instant appeal on October 23, 2014. IAF, Tab 1. He alleged that the agency arbitrarily and capriciously denied him restoration to the Electronic Technician position. *Id.* at 5. He responded to the jurisdictional portion of the acknowledgment order, *see* IAF, Tab 2 at 4, and filed several submissions regarding the Board's jurisdiction, reiterating his disability discrimination allegations, IAF, Tabs 5-8, 18-21. The agency, however, asserted that the appeal had been untimely filed. IAF, Tab 22 at 17-18. The administrative judge thus issued an order on timeliness advising the appellant that the filing period for his appeal "may have begun on January 17, 2013 . . . and . . . [i]t therefore appears that [his] appeal was filed approximately 614 days late."[3]

---

[3] Our calculations show that the appeal was actually 612 days late because the regulatory filing period ended on a Saturday, extending the deadline to the following

IAF, Tab 26 at 2 (emphasis omitted); *see* 5 C.F.R. §§ 353.304(a), 1201.22(b)(1). The administrative judge explained that she had issued the appellant notice of his right to file a restoration appeal on January 17, 2013. IAF, Tab 26 at 2 n.1. After the parties had an opportunity to respond to the order on timeliness, *see* IAF, Tabs 27-28, the administrative judge dismissed the appeal as untimely filed without good cause shown for the delay in filing, ID at 2, 15.

¶8     On review, the appellant argues that the administrative judge dismissed the appeal "in error" because "the agency required [him] to surrender his restoration rights as a settlement condition" in related litigation. Petition for Review (PFR) File, Tab 1 at 4. He also asserts issues pertaining to the merits of the appeal and to litigation covered under the settlement agreement. *See id.* at 3-4. He also asserts that the administrative judge improperly cancelled an appearance by one of his witnesses. *Id.* at 3.

¶9     We find, however, that the administrative judge properly dismissed the appeal as untimely filed. An appellant bears the burden of establishing that his appeal was timely filed, or that good cause exists for the untimely filing. If he fails to do so, then the appeal must be dismissed. 5 C.F.R. §§ 1201.22(c), 1201.56(b)(2)(B). In a restoration appeal, the issues of timeliness and jurisdiction may be inextricably intertwined when resolution of the timeliness issue depends on whether the appellant was subject to an appealable action. *See Wright v. U.S. Postal Service*, 105 M.S.P.R. 425, ¶ 9 (2007). In such cases, an administrative judge first must make a finding on jurisdiction to discern whether an appealable action has occurred, then address the timeliness of the appeal. *Id.* Here, however, there exists a date certain from which to measure the filing period because the appellant received specific information about his right to file a restoration appeal from the administrative judge. The issues of jurisdiction and timeliness thus are not inextricably intertwined. Because the record on the

---

Monday. *See* 5 C.F.R. § 1201.23. This minor difference does not change our disposition of the timeliness question.

timeliness question was sufficient, the administrative judge appropriately considered that issue. *See Gingrich v. U.S. Postal Service*, 67 M.S.P.R. 583, 586 (1995) (in an appropriate case, an administrative judge may assume arguendo that an appellant was subjected to an appealable action and has standing to appeal, and go on to dismiss an appeal as untimely filed, if the record on timeliness is sufficiently developed).

¶10  The untimely filing of an appeal may be waived for good cause shown. *See* 5 C.F.R. § 1201.22(c). To establish good cause for waiver, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). Where, as here, the agency did not give the appellant notice of his appeal rights, the Board will consider whether he unduly delayed filing his appeal after he became aware of an appealable basis for his claim. *See Redus v. U.S. Postal Service*, 88 M.S.P.R. 193, ¶ 16, *aff'd*, 25 F. App'x 904 (Fed. Cir. 2001); *see also Shiflett v. U.S. Postal Service*, 839 F.2d 669, 670-74 (Fed. Cir. 1988) (finding that the Board may grant or deny the waiver of a time limit for filing an appeal, in the interest of justice, after considering all the facts and circumstances of a particular case). An appellant who was not advised of his appeal rights is "not required to show that he exercised due diligence in attempting to discover his appeal rights," and instead must show that he was diligent in filing an appeal after he discovered his rights. *Gingrich*, 67 M.S.P.R. at 587.

¶11  Although the agency did not inform the appellant that he might have appeal rights, the administrative judge so informed him on January 17, 2013. IAF, Tab 26 at 2 n.1. Arguably, the appellant knew of his appeal rights before that time because he requested to add a restoration claim to his prior appeal in his January 1, 2013 motion, to which the administrative judge responded on January

17, 2013.[4] *See id.*; IAF, Tab 26 at 77-80. The appellant thus filed his restoration claim at least 644 days after he became aware of an appealable basis for that claim.[5] When the administrative judge advised the appellant that he must show good cause for his untimely filing, *see* IAF, Tab 26, his response was to protest that the agency failed to give him appeal rights in *any* of his Board appeals, *see* IAF, Tab 27 at 3. Nevertheless, as we explain above, the Board considers whether the appellant unduly delayed filing his appeal *after* he became aware of an appealable basis for his claim. *See Redus*, 88 M.S.P.R. 193, ¶ 16.

¶12     As for his assertion that the agency improperly required him to waive restoration appeal rights in the global settlement agreement, *see* PFR File, Tab 1 at 4, the administrative judge did not reach that issue and instead decided the appeal based on the issue of timeliness. Additionally, the Board's final order in his involuntary disability retirement appeal, dismissing that appeal as settled, addressed waiver of his appeal rights. *See* Final Order at 3-4.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec.

---

[4] The agency asserted that the appellant was placed on notice of his appeal rights when he learned from OWCP that the agency would not return him to duty in a rehabilitation position outside of the P&DC. That information dates from the period between December 2011 and February 2012, the agency asserts. IAF, Tab 22 at 16.

[5] This timeframe includes the filing period immediately following January 17, 2013.

27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your appeal to the Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.