**Donella LEWIS, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 02–3389.

United States Court of Appeals, Federal Circuit.

DECIDED: April 10, 2003.

Before LINN, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and PROST, Circuit Judge.

PER CURIAM.

Donella Lewis seeks review of a final decision of the Merit Systems Protection Board ("MSPB" or "Board"), in Docket No. NY–0351–02–0176–I–1, 2002 WL 31189231 (Aug. 26, 2002), dismissing her appeal to the Board for lack of jurisdiction. Because we find that the Board properly concluded that Ms. Lewis has failed to

demonstrate that it had jurisdiction over her appeal, we *affirm.*

## I

Ms. Lewis was employed by the United States Postal Service in the position of Time and Attendance Clerk until March 8, 2002, when her position was abolished at the Elizabeth, New Jersey Post Office. Prior to the time her position was abolished, Ms. Lewis applied for preference eligible status based on her husband's service-connected disability. To qualify for such status, the wife of a veteran with a service-connected disability must show that her spouse is "unable to qualify for any appointment in the civil service or in the government of the District of Columbia." 5 U.S.C. § 2108(3)(E). Ms. Lewis' application was denied. In a January 31, 2002, appeal to the Board, Ms. Lewis requested review of the Postal Service denial of her request for preference eligible status, presumably relating to her separation, as well as a decision by the Equal Employment Opportunity Commission "involving discrimination intertwined with prohibited personnel practice[s] and a violation of the Merit System principles."

The Board has jurisdiction over Postal Service employees who appeal certain personnel actions if the employee is preference eligible or is barred from membership in a collective bargaining unit.[1] On March 4, 2002, the Administrative Judge issued an Order to Show Cause that the Board had jurisdiction over Ms. Lewis' appeal. The Order stated that, to establish jurisdiction, Ms. Lewis must demonstrate: 1) that she was a prefer-

ence eligible employee, a management or supervisory employee or an employee engaged in personnel work in other than a purely nonconfidential clerical capacity and therefore ineligible for bargaining unit membership; and 2) that she had completed one year of current, continuous service in the same or a similar position. The Order also informed Ms. Lewis that she bore the burden of proving that the Board had jurisdiction over her appeal.

In a June 17, 2002, initial decision, the Administrative Judge dismissed Ms. Lewis' appeal for lack of jurisdiction. The Administrative Judge noted that, in a previous decision, the Board had concluded that Ms. Lewis' husband had voluntarily retired. *Lewis v. United States Postal Serv.,* 82 M.S.P.R. 254, 256 (1999). He also noted that her husband's prior allegations of constructive suspension were dismissed pursuant to a settlement agreement. Finding that Ms. Lewis had not provided new or additional evidence or any persuasive arguments relevant to this issue, the Administrative Judge concluded that Ms. Lewis had failed to demonstrate that her husband's retirement was involuntary.

The Administrative Judge went on to determine that a certification from the Department of Veteran Affairs stating that her husband was considered partially disabled did not, standing alone, demonstrate that he was "unable to qualify for any appointment in the civil service or in the government of the District of Columbia." 5 U.S.C. § 2108(3)(E). The Administrative Judge had also previously noted that the Board decision in *Lewis* indicated that, in making his claim of constructive suspen-

---

1. Under 5 U.S.C. § 7701(a), an "employee" may appeal an adverse personnel action to the Board. Included in the definition of "employee" under 5 U.S.C. § 7511(a)(1)(B) are Postal Service employees who are preference eligible and have "completed 1 year of current continuous service in the same or similar positions." *See Mathis v. United States Postal Serv.,* 865 F.2d 232, 232–33 (Fed.Cir.1988). A Postal Service employee may also be entitled to review of adverse actions if he or she is legally disqualified from collective bargaining unit membership as set forth in 39 U.S.C. § 1005(a)(4)(A)(ii). *See Carrier v. Merit Sys. Prot. Bd.,* 183 F.3d 1376, 1378 (Fed.Cir.1999).

sion, Ms. Lewis' husband indicated that he considered himself fit to continue working. 82 M.S.P.R. at 256. Because Ms. Lewis apparently introduced no new evidence and because he found her arguments to lack merit, the Administrative Judge concluded that Ms. Lewis had failed to demonstrate by a preponderance of the evidence that her husband was unable to qualify for work in any civil service or District of Columbia government job and, therefore, that she had failed to carry her burden of establishing the Board's jurisdiction over her appeal.

On July 15, 2002, Ms. Lewis petitioned for review of the Administrative Judge's initial decision. In her petition, she raised for the first time an argument that the Board had jurisdiction to hear her case because she was "an employee of the Postal Service engaged in personnel work in other than a purely nonconfidential clerical capacity" under 39 U.S.C. § 1005(a)(4)(A)(ii). On August 26, 2002, the Board issued a final order denying the petition for review because it concluded "that there is no new, previously unavailable, evidence and that the Administrative Judge made no error in law or regulation that affects the outcome." *See* 5 C.F.R. § 1201.115(d).

This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## II

We must affirm a decision of the Board unless we find it to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). Whether the Board has jurisdiction to adjudicate an appeal is a question of law that we review *de novo. Herman v. Dep't of Justice,* 193 F.3d 1375, 1378 (Fed.Cir.1999). As petitioner, Ms.

Lewis has the burden of establishing the Board's jurisdiction by a preponderance of the evidence. *See Prewitt v. Merit Sys. Prot. Bd.,* 133 F.3d 885, 886 (Fed.Cir.1998).

On appeal, Ms. Lewis contends that the Administrative Judge erred in concluding that her husband's retirement had not been involuntary. Citing *Flanagan v. Young,* 228 F.2d 466, 472 (D.C.Cir.1955), she also claims that the Board's decision violates the precept that the Veterans' Preference Act should be interpreted, whenever possible, in favor of the veteran. She also appears to contend that the Board erred in failing to grant her petition for review because she presented new evidence that would have affected the outcome of her case. Finally, Ms. Lewis asks this court to conclude that she was "an employee of the Postal Service engaged in personnel work in other than a purely nonconfidential clerical capacity" under 39 U.S.C. § 1005(a)(4)(A)(ii), and therefore entitled to Board review.

We find no merit to Ms. Lewis' contention that the Administrative Judge erred in concluding that she failed to demonstrate that her husband's retirement was involuntary. Ms. Lewis appears to argue that her husband's constructive suspension forced him to retire, rendering his retirement involuntary. Even if this were true, Ms. Lewis does not explain how a finding that her husband's retirement was involuntary would lead to the conclusion that he is or was "unable to qualify for any appointment in the civil service or in the government of the District of Columbia." 5 U.S.C. § 2108(3)(E). However, to the extent that this question is relevant, we note that the Board concluded in *Lewis* that Ms. Lewis' husband's retirement was voluntary. 82 M.S.P.R. at 256. The Board also found that a record of her husband's visit to a Veterans Administration facility for treatment indicated that he was fit for "light duty." *Id.* at 258. More-

over, we conclude that Ms. Lewis' contention that her husband would have been able to continue working had he not been constructively suspended implies that her husband was not "unable to qualify for any appointment in the civil service or in the government of the District of Columbia." 5 U.S.C. § 2108(3)(E). Therefore, we agree with the Administrative Judge that Ms. Lewis has failed to demonstrate either that her husband's retirement was involuntary or that any of the facts surrounding her husband's retirement demonstrate that he, at the relevant time, met the requirements of 5 U.S.C. § 2108(3)(E).[2]

With respect to her claim that the Board's decision violates the precept that the Veterans' Preference Act should be interpreted, whenever possible, in favor of the veteran, we find Ms. Lewis' argument inapposite. The Administrative Judge correctly interpreted the statutory provisions before him. We cannot discern, nor does Ms. Lewis point to, any issue of interpretation that could lawfully have been resolved in her favor.

Similarly, we find no merit to Ms. Lewis' contention that the Board ignored material new evidence in denying her petition for review. The "evidence" cited by Ms. Lewis consists entirely of facts and changes in circumstances immaterial to her case interspersed with new arguments. Accordingly, we conclude that the Board did not err in denying Ms. Lewis' petition for review.

■ Finally, it appears that Ms. Lewis requests this court find that she was "an employee of the Postal Service engaged in personnel work in other than a purely nonconfidential clerical capacity" under 39 U.S.C. § 1005(a)(4)(A)(ii), and therefore that she was entitled to review by the Board.[3] We cannot make this determination. This alternate alleged basis for jurisdiction was raised for the first time in Ms. Lewis' petition for review. The Board generally will not consider arguments raised for the first time in a petition for review absent a showing that they are based on new and material evidence not previously available despite the party's due diligence. *Banks v. Dep't of the Air Force,* 4 MSPB 342, 4 M.S.P.R. 268, 271 (1980); *see also Timberlake v. United States Postal Serv.,* 76 M.S.P.R. 172, 175 (1997); *but see Anthony v. Dep't of Justice,* 76 M.S.P.R. 45, 51 (1997) (Where an Administrative Judge has not provided an appellant with sufficient notice that he or she must address a particular issue or of the required burden of proof, the Board considers such newly-raised arguments on the basis that they were previously unavailable.). We find that the Administrative Judge's Order to Show Cause provided Ms. Lewis sufficient notice both as to the manner in which she could establish jurisdiction and that she bore the burden of doing so. We therefore conclude that her argument was not "previously unavailable." Accordingly, the Board properly declined to address Ms. Lewis' new argument.

We will not generally review arguments that were not properly presented to the

---

2. Although it is unclear to what extent Ms. Lewis raises the issue in her appeal, we agree with the Administrative Judge that the demonstration that her husband was partially-disabled was insufficient, on its own, to demonstrate that he was "unable to qualify for any appointment in the civil service or in the government of the District of Columbia" as required by 5 U.S.C. § 2108(3)(E).

3. We note that this final argument was not expressly presented in Ms. Lewis' informal brief, but rather was incorporated by reference to a letter attached to her notice of appeal.

Board. *See Synan v. Merit Sys. Prot. Bd.,* 765 F.2d 1099, 1101 (Fed.Cir.1985). Thus, Ms. Lewis' recourse was to convince the Board to reopen the case despite her failure to raise this argument at an earlier time. *See Timberlake,* 76 M.S.P.R. at 173, 175. Because the Board chose not to take this action to address Ms. Lewis' argument, it is not properly before us and we do not decide it.

Having reviewed the remainder of Ms. Lewis' arguments and finding them to lack merit, we affirm the decision of the Board.