**Dora J. WARD, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

No. 04–3004.

United States Court of Appeals, Federal Circuit.

DECIDED: March 8, 2004.

Dora J. Ward, of Counsel, Grantville, GA, for Petitioner.

Michael O'Connell, Principal Attorney, Brian M. Simkin, David M. Cohen, of Counsel, Washington, DC, for Respondent.

Before MICHEL, GAJARSA, and LINN, Circuit Judges.

PER CURIAM.

Dora J. Ward appeals a decision of the Merit Systems Protection Board ("MSPB") affirming the Office of Personnel Management's ("OPM's") denial of Ward's application for disability retirement benefits under the Civil Service Retirement System, 5 U.S.C. § 8331 *et seq.* Both the MSPB and the OPM determined that Ward's application for benefits was untimely filed, rejecting Ward's argument that her delay in filing must be excused because she was incompetent during the period of delay. We *affirm.*

## DISCUSSION

Under 5 U.S.C. § 8337(b), a disability-retirement-benefit claimant must file her application within one year of her separation from federal service—unless "at the date of separation from service or within 1 year thereafter [the claimant] is mentally incompetent," in which case her application can be timely filed "within 1 year from the date of restoration ... to competency or the appointment of a fiduciary, whichever is earlier." Both the OPM and the MSPB rejected Ward's argument that she was incompetent in the period between her 1983 separation from service with the Department of Agriculture and her March 2, 2001 application for disability retirement benefits. In the decision Ward now appeals, the MSPB determined, based on the testimony of Mariann Stinson, a recent co-worker of Ward's, that Ward became competent no later than January 31, 2000 (the last day of the month Ward met Stinson). The MSPB determined that Ward was therefore required to filed her application by January 30, 2001—over a month prior to her actual filing date of March 2, 2001.[1] The MSPB credited Stinson's statements that Ward "[was] very competent," "can work in any capacity in any job," "do things a normal person can do," and "fits fine in society."

Ward has failed to demonstrate any error in the MSPB decision, either on the facts or on the law.[2] *On the facts,* Ward

1. The ground for the MSPB's determination of untimeliness was different than the OPM's ground. The OPM determined that Ward was not incompetent in the year following her separation from service, and that Ward was therefore required to file her application by the end of September 1984. The MSPB, however, found "compelling medical evidence that [Ward] was incompetent at the time of her separation." But because the MSPB found that Ward became competent no later than January 31, 2000, the MSPB affirmed the OPM's determination of untimeliness.

2. Because we hold that Ward failed to show error on the facts or on the law, we do not reach the government's argument that our jurisdiction to review the MSPB with respect to *the timeliness of a retirement-disability-benefits application* is as narrow as our jurisdiction over the *merits of such an application,* see, e.g., Lindahl v. Office of Personnel Management, 470 U.S. 768, 791, 105 S.Ct. 1620,

argues in her initial brief that the MSPB incorrectly decided or failed to take into account "the fact that [she is] incompetent," but Ward does not attack any specific factual findings supporting the MSPB's determination that Ward became competent no later than January 31, 2000. Ward's conclusory, one-sentence statement in her initial brief that she is incompetent does not suffice to show the MSPB erred as to the facts.

In her "Response to Respondent Informal Brief" and "Submittal of Additional Notes," Ward makes several factual arguments of greater specificity, including three of note. First, she contests whether Stinson was her "co-worker." But Ward does not cite any record evidence, and moreover she undermines her own argument by characterizing Stinson as a "professional associate." Second, Ward asserts that she first filed for disability retirement benefits in September 2000, using an outdated form. To the extent Ward is arguing that her application should have been given an earlier effective date, we cannot reach this issue, as there is no indication this issue was raised at either the OPM or at the MSPB (where Ward was represented by counsel); at every stage in the proceedings, the sole issue has been whether Ward's March 2, 2001 application was timely. Third, Ward asserts that schizophrenia cannot be cured, and that therefore she never could have regained her competency. While we recognize the challenges of schizophrenia, on this record we cannot endorse a rule that a diagnosis of schizophrenia automatically triggers a lifelong determination of incompetency.

*On the law*, Ward contends that the MSPB applied the wrong law, but the three cases she cites in her initial brief are not inconsistent with the MSPB's holding in this case; indeed, two of the cases were cited by the MSPB. In *French v. Office of Personnel Management*, 810 F.2d 1118, 1120 (Fed.Cir.1987), we stated that a "claimant is not required to have been a raving lunatic" to demonstrate incompetency, but also emphasized that "[t]he [application-deadline] statute may be satisfied by one having some minimal capacity to manage his own affairs, and not needing to be committed"—a standard that Ward, under the MSPB's findings, plainly met. In *Eddy v. Office of Personnel Management*, 38 M.S.P.R. 442, 445 (1988) (cited by the MSPB in the instant case), the MSPB stated that "[e]vidence of incompetency for significant portions of the period in issue will support an inference of incompetency for the remainder of the period, absent preponderant evidence to the contrary"—but here the MSPB found preponderant evidence to the contrary, at least as of January 31, 2000. Finally, in *Pyles v. Merit Systems Protection Board*, 45 F.3d 411, 412–16 (Fed.Cir.1995) (also cited by the MSPB), we determined that the MSPB lacked substantial evidence for its determination that an appellant was not suffering from severe dementia—but here the MSPB had substantial evidence for its determination as to Ward's competency as of January 31, 2000, including the live testimony of Ward's co-worker.

---

84 L.Ed.2d 674 (1985) (stating that the Federal Circuit may not review "the factual underpinnings of § 8347 disability determinations," but rather is limited to determining whether "there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error going to the heart of the administrative determination") (internal quotation marks and citation omitted).