NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3353

DORA J. WARD,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Dora J. Ward, of Grantville, Georgia, pro se.

Michael N. O'Connell, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Peter D. Keisler, Assistant Attorney General; David M. Cohen, Director; and Deborah A. Bynum, Assistant Director.

Appealed from United States Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3353

DORA J. WARD,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED:  January 11, 2007

_____

Before LINN, PROST, and JORDAN[*], <u>Circuit Judges</u>.

PER CURIAM.

Dora J. Ward ("Ward") appeals from an Opinion and Order of the Merit Systems Protection Board ("Board") modifying and affirming the Office of Personnel Management's ("OPM") decision that dismissed all of Ward's claims on appeal as barred by res judicata.  <u>Ward v. Office of Pers. Mgmt.</u>, No. AT-831E-06-0053-I-1 (M.S.P.B. Aug. 1, 2006)  ("<u>Opinion and Order</u>").   In the Opinion and Order, the Board

---

[*]    Honorable Kent A. Jordan, Circuit Judge, United States Court of Appeals for the Third Circuit, sitting by designation.

affirmed the application of res judicata as a basis to preclude Ward from re-litigating, for a second time, the denial of her disability retirement annuity as untimely filed. As to Ward's remaining claims—based on the Federal Employees' Compensation Act and sections 2415 and 2416 of Title 28—the Board dismissed them for lack of jurisdiction. Because the Board's decision is in accordance with law and does not otherwise contain reversible error, we affirm.

Ward seeks to re-litigate the previous determination that her disability retirement annuity was untimely filed. In the absence of any new and material, previously unavailable evidence, or erroneous interpretation of statute or regulation, the doctrine of res judicata applies to Ward's attempts to re-litigate claims that she previously fully litigated. See 5 C.F.R. § 12011.115(d); Allen v. McCurry, 449 U.S. 90, 94 (1980); Young Eng'rs, Inc. v. U.S. Int'l Trade Comm'n, 721 F.2d 1305, 1314 (Fed. Cir. 1983) (holding that a previous final judgment on a claim extinguishes "all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action" arose) (internal quotations omitted). Because Ward has previously fully litigated the denial of disability retirement benefits, Ward v. Office of Pers. Mgmt., 89 Fed. Appx. 718 (Fed. Cir. 2004), and because Ward failed to show that there was new, previously unavailable evidence or legal error, the Board properly dismissed those claims based on res judicata.

Ward next claims that she is entitled to additional compensation, including back pay and other things, as a result of job-related injuries. The Board concluded that to the extent she presented a claim, it would fall under the Federal Employees' Compensation Act. However, claims under that Act are within the exclusive jurisdiction of the

Department of Labor's Office of Workers' Compensation Programs and are not subject to review by the Board. See Pueschel v. United States, 297 F.3d 1371, 1374 (Fed. Cir. 2002) (holding that "claim disputes under the [Federal Employees' Compensation Act] are resolved administratively, and decisions by the Secretary of Labor regarding disability compensation are protected from judicial review by [5 U.S.C. §] 8128(b), which contains strong door-closing language"). Thus, the Board properly dismissed those claims for lack of jurisdiction.

Finally, Ward argues that she timely filed a retirement claim pursuant to 28 U.S.C. §§ 2415 and 2416. Because those statutes relate to contract claims with the United States, justiciable before the Untied States Court of Federal Claims, the Board was correct in concluding that it lacked jurisdiction. See Bates v. Nicholson, 398 F.3d 1355 (Fed. Cir. 2005) (holding that the Board has no jurisdiction to review controversies that are committed by statute to other tribunals, such as contract and employment disputes, for which other review mechanisms have been held to be exclusive (e.g., contract appeals may be pursued exclusively in the Court of Federal Claims or the appropriate agency board of contract appeals)).

For the foregoing reasons, we affirm.

COSTS

No costs.