# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JOHN MARKHAM,

      Appellant,

      v.

DEPARTMENT OF THE ARMY,

      Agency.

DOCKET NUMBER
SF-3443-20-0726-I-1

DATE: April 7, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

John Markham, Cedar Rapids, Iowa, pro se.

Regan Elisabeth Russell, Joint Base Lewis-McChord, Washington, for the
    agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed by 494 days without good cause shown. 5 C.F.R.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

§ 1201.114(e), (g). The initial decision remains the final decision regarding jurisdiction over this appeal as expressly MODIFIED to find that the Board also lacks jurisdiction over the appellant's purported claims of defamation, theft, and breach of contract.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2 In September 2020, the appellant filed a Board appeal challenging the circumstances surrounding the alleged premature termination of his personal services contract with the agency, wherein he contracted to provide services as a Cardiac Perfusionist at the agency's Madigan Army Medical Center between 2007 and 2009. Initial Appeal File (IAF), Tab 1 at 1, 3-5. On November 16, 2020, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 17, Initial Decision (ID) at 1-6. In the initial decision, the administrative judge notified the appellant of his appeal rights and stated that the decision would become final on December 21, 2020, unless a petition for review was filed by that date. ID at 6-14. On April 29, 2022, the appellant filed a petition for review, 494 days after the initial decision became final. Petition for Review (PFR) File, Tab 1. The Office of the Clerk of the Board advised the appellant that his petition for review was untimely and instructed him how to file a motion to establish good cause for the untimely filing. PFR File, Tab 2 at 1-2. Thereafter, the appellant filed a pleading stating that the Board informed him that he did not have appeal rights and that he did not have legal representation. PFR File, Tab 5 at 1-2. He also made several arguments related to the merits of the agency's alleged premature termination of his contract. *Id.*

¶3 The Board's regulations provide that a petition for review must be filed within 35 days of the issuance of the initial decision or, if the appellant shows that the initial decision was received more than 5 days after the date of issuance, within 30 days after the date he received the initial decision. 5 C.F.R. § 1201.114(e). The Board will waive its filing deadline only upon a showing of

good cause for the delay in filing. 5 C.F.R. § 1201.114(g). To establish good cause for an untimely filing, the appellant must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Gaetos v. Department of Veterans Affairs*, 121 M.S.P.R. 201, ¶ 5 (2014). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune that similarly shows a causal relationship to his inability to timely file his petition for review. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶4      The appellant's petition for review was due on December 21, 2020. ID at 6; *see* 5 C.F.R. § 1201.114(e). It was filed 494 days late, on April 29, 2022. PFR File, Tab 1. Applying the factors above, we find that the appellant has failed to establish good cause for his approximately 1 1/2-year delay in filing his petition for review. Although he is proceeding pro se, the initial decision set forth the procedures and time limits that the appellant was required to follow if he wished to appeal, and a 1 1/2-year delay is significant. *See Johnson v. U.S. Postal Service*, 66 M.S.P.R. 604, 608 (1995) (finding the appellant failed to establish good cause for his 1-year delay in filing his petition for review notwithstanding his discouragement at the likely outcome of the petition for review and his inability to obtain representation); *see also De Vaughn v. U.S. Postal Service*, 96 M.S.P.R. 427, ¶¶ 8-9 (2004) (stating that pro se status alone is insufficient to establish good cause for an untimely filing when the appellant was clearly notified of the time limit within which to file his petition). Inability to obtain representation does not constitute good cause for an untimely filing. *Johnson*, 66 M.S.P.R. at 608. Finally, the appellant's arguments about the merits

of the agency's action are irrelevant to the issue of the timeliness of the petition for review. *See, e.g.*, *Abney v. Office of Personnel Management*, 89 M.S.P.R. 305, ¶ 4 (2001) (stating that merits arguments do not establish good cause for an untimely filing), *aff'd*, 41 F. App'x 421 (Fed. Cir. 2002).

¶5     Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding jurisdiction over the appeal, as expressly modified by this paragraph. The initial decision explicitly dismissed the appellant's IRA and discrimination claims for lack of jurisdiction. ID at 1-6. To the extent the appellant sought to file claims against the agency asserting breach of contract, defamation, and theft, IAF, Tab 1 at 3-5, we clarify that the Board also lacks jurisdiction over those claims, *see Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985) (holding that the Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation); *Ward v. Office of Personnel Management*, 103 M.S.P.R. 24, ¶ 5 (2006) (noting that the Board generally lacks jurisdiction to adjudicate contract claims brought against the United States), *aff'd*, 217 F. App'x 937 (Fed. Cir. 2007); *Kapica v. U.S. Postal Service*, 95 M.S.P.R. 556, ¶ 6 (2004) (stating that the Board lacks jurisdiction over defamation claims).

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b).

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. [5 U.S.C. § 7702](b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

> Office of Federal Operations
> Equal Employment Opportunity Commission
> P.O. Box 77960
> Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

> Office of Federal Operations
> Equal Employment Opportunity Commission
> 131 M Street, N.E.
> Suite 5SW12G
> Washington, D.C. 20507

**(3)** **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under [5 U.S.C. § 2302](b)(8) or other protected activities listed in [5 U.S.C. § 2302](b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of

competent jurisdiction.[3]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    /s/ for
                                  _____
                                  Jennifer Everling
                                  Acting Clerk of the Board
Washington, D.C.