# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

VICTORIA M. SHARP KAUFMAN,
           Appellant,

        v.

DEPARTMENT OF HOMELAND
    SECURITY,
           Agency.

DOCKET NUMBER
NY-3330-17-0118-I-1

DATE: July 10, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Victoria M. Sharp Kaufman, Woodmere, New York, pro se.

Katie A. Chillemi, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2　　In December 2016, the appellant applied for a Paralegal Specialist position with the agency and claimed veterans' preference based on her spouse's military service. Initial Appeal File (IAF), Tab 10 at 36-54. The agency selected her for the position and provided her with a tentative offer. IAF, Tab 1 at 13-15, Tab 10 at 34. The agency subsequently notified the appellant that it had determined that she was not entitled to the veterans' preference it had afforded her in the selection process and rescinded the offer. IAF, Tab 10 at 34.

¶3　　The appellant filed a Board appeal alleging that the agency had erroneously determined that she was not entitled to veterans' preference in the selection process and requested a hearing. IAF, Tab 1 at 2, 8-9. The administrative judge issued an order notifying the appellant of the requirements to establish Board jurisdiction over her claim under the Veterans Employment Opportunities Act of 1998 (VEOA) and directing the parties to address jurisdiction, to which both parties responded. IAF, Tabs 3, 6-8. Based on the written record, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 11, Initial Decision (ID). Specifically, the administrative

judge found that the appellant had not made a nonfrivolous allegation that she was a preference eligible because she did not submit evidence of her spouse's service-connected disability, a determination that he had a service-connected disability, or evidence that he was receiving compensation in connection with a disability. ID at 3-4. She further found that, although the appellant asserted that her spouse had trouble retaining employment with the City of New York, she did not submit any evidence that her spouse was unable to qualify for employment with the Federal civilian service or the District of Columbia. ID at 4.

¶4      The appellant has filed a petition for review, to which the agency has filed an opposition. Petition for Review (PFR) File, Tabs 1, 3. The appellant has filed a reply to the agency's opposition. PFR File, Tab 6. As set forth below, we affirm the initial decision.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5      To establish Board jurisdiction over a VEOA appeal alleging a violation of veterans' preference rights, an appellant must (1) show that she exhausted her remedy with the Department of Labor (DOL); and (2) make nonfrivolous allegations that (i) she is a preference eligible within the meaning of VEOA, (ii) the action at issue took place on or after the October 30, 1998 enactment date of VEOA, and (iii) the agency violated her rights under a statute or regulation relating to veterans' preference.[2] *Lazaro v. Department of Veterans Affairs*, 666 F.3d 1316, 1319 (Fed. Cir. 2012); *see* 5 U.S.C. § 3330a(a)(1)(A).

---

[2] An appellant also may establish Board jurisdiction over a "right to compete" VEOA appeal brought under 5 U.S.C. § 3330a(a)(1)(B); in order to establish jurisdiction, she must (1) show that she exhausted her remedy with DOL; and (2) make nonfrivolous allegations that (i) she is a preference eligible or veteran within the meaning of 5 U.S.C. § 3304(f)(1), (ii) the action at issue took place on or after the enactment date of the Veterans' Benefits Improvement Act of 2004, and (iii) the agency, in violation of 5 U.S.C. § 3304(f)(1), denied her the opportunity to compete under merit promotion procedures for a vacant position for which the agency accepted applications from individuals outside its own workforce. *Becker v. Department of Veterans Affairs*, 115 M.S.P.R. 409, ¶ 5 (2010). The appellant has not alleged such a claim in her appeal.

¶6     It is undisputed, and the record reflects, that the appellant showed that she exhausted her remedy with DOL.  IAF, Tab 8 at 6.  It is also undisputed that the appellant made nonfrivolous allegations that her nonselection for the vacancy at issue took place after October 30, 1998, and that the agency failed to consider her a preference eligible as defined by 5 U.S.C. § 2108(3)(E).  IAF, Tab 10 at 34.  We find, however, that the administrative judge properly concluded that the appellant did not make a nonfrivolous allegation that she was a preference eligible within the meaning of 5 U.S.C. § 2108(3)(E).

¶7     To establish Board jurisdiction over her VEOA claim, the appellant need not prove that she is a preference eligible but must make an assertion that, if proven, could establish that she is a preference eligible.  5 C.F.R. § 1201.4(s); *see Badana v. Department of the Air Force*, 104 M.S.P.R. 182, ¶ 10 (2006).  However, the appellant must make more than conclusory allegations to establish jurisdiction over her appeal.  *See Marcino v. U.S. Postal Service*, 344 F.3d 1199, 1204 (Fed. Cir. 2003) (recognizing that mere conclusory allegations, unsupported by affidavits or other evidence, do not constitute nonfrivolous allegations); *Briscoe v. Department of Veterans Affairs*, 55 F.3d 1571, 1573 (Fed. Cir. 1995) (explaining that "[a]lthough an appellant need not prove her entire case before she is entitled to a hearing, the [B]oard may request sufficient evidence to determine if, in the first instance, there is any support for what otherwise might be bald allegations").

¶8     On review, the appellant argues that she submitted sufficient evidence of her spouse's service-connected disability and that 5 U.S.C. § 2108(3)(E) does not require that an agency, such as the Department of Veterans Affairs or a military department, make a determination regarding a service-connected disability in order for the appellant to establish the presence of a service-connected disability.  PFR File, Tab 1 at 2-4.  Under 5 U.S.C. § 2108(3)(E), a preference eligible is "the wife or husband of a service-connected disabled veteran if the veteran has been unable to qualify for any appointment in the civil service or in the government of

the District of Columbia[.]" A disabled veteran is an individual "who has served on active duty in the armed forces, . . . has been separated therefrom under honorable conditions, and has established the present existence of a service-connected disability or is receiving compensation, disability retirement benefits, or pension because of a public statute administered by the Department of Veterans Affairs or a military department[.]" 5 U.S.C. § 2108(2). The statute and its implementing regulations are silent as to what is required to establish a service-connected disability if the veteran is not receiving one of the specified types of compensation. 5 U.S.C. § 2108; 5 C.F.R. part 211.

¶9    Regardless, the appellant's argument fails because she has not produced any evidence to establish that her spouse presently has a service-connected disability or is receiving the aforementioned compensation. The appellant provided evidence that her spouse served on active duty in the military and was discharged under honorable conditions on August 31, 1990. IAF, Tab 1 at 43-44. She also provided documentation showing that her spouse was diagnosed with a medical condition in May 2016. IAF, Tab 6 at 16-18. She has not, however, offered any evidence, beyond her bare assertions, that her spouse's medical condition is connected to his military service. IAF, Tabs 1, 6, 8. The appellant asserts that, under 38 C.F.R. § 3.309, which pertains to the Department of Veterans Affairs' evaluating a service-connected disability, her spouse suffers from a medical condition for which a service connection is presumed. PFR File, Tab 1 at 2-3. However, under 38 C.F.R. § 3.307(a)(3), her spouse's particular condition must have manifested itself "to a degree of 10 percent or more" within 1 year from the date of separation from service. The appellant has not set forth any facts that could show that such a manifestation occurred within 1 year of her spouse's separation from service. Accordingly, she has not asserted facts that could show that her spouse suffers from a service-connected disability.

¶10    We also agree with the administrative judge's finding that the appellant did not provide any evidence that her spouse was unable to qualify for an

appointment in the Federal civil service or in the Government of the District of Columbia (D.C.).  ID at 4.  Although 5 U.S.C. § 2108(3)(E) is silent as to the requirements to prove an inability to qualify for a Federal civil service or D.C. Government appointment, the Office of Personnel Management has promulgated guidance that provides that a disabled veteran is presumed to be disqualified for a Federal position because of a service-connected disability when the veteran is unemployed and (1) "is rated by [the] appropriate military or Department of Veterans Affairs authorities to be 100 percent disabled and/or unemployable"; (2) "has retired, been separated, or resigned from a civil service position on the basis of a disability that is service-connected in origin"; or (3) "has attempted to obtain a civil service position or other position along the lines of his or her usual occupation and has failed to qualify because of a service-connected disability."[3] U.S. Office of Personnel Management, Vet Guide, https://www.opm.gov/policy-data-oversight/veterans-services/vet-guide-for-hr-professionals  (last  visited July 7, 2023).  This guidance provides that veterans' preference may be allowed in other circumstances but anything less "warrants a more careful analysis."  *Id.*

¶11        Here, the appellant's spouse appeared to be employed by the City of New York when she applied for the Paralegal Specialist position.  IAF, Tab 6 at 65-66.  The appellant submitted evidence that her spouse had been repeatedly terminated from, and rehired to, positions within the City of New York, but this evidence alone does not suggest that the appellant was unable to qualify for a Federal civil service or D.C. Government position.  IAF, Tab 1 at 48-50.  The appellant offered no evidence that her spouse was completely disabled or was unable to qualify for or maintain employment in the Federal civil service or D.C.

---

[3] While not entitled to the deference accorded to regulations, the Board has found the Vet Guide to be entitled to some weight when it does not conflict with statute. *See, e.g.*, *Vassallo v. Department of Defense*, 122 M.S.P.R. 156, ¶ 4, *aff'd*, 797 F.3d 1327 (Fed. Cir. 2015).

Government.[4]  Accordingly, we agree with the administrative judge's finding that the appellant failed to make a nonfrivolous allegation that she was a preference eligible and affirm the dismissal of the appeal for lack of jurisdiction.  *See Lewis v. Merit Systems Protection* Board, 62 F. App'x 945, 949 n.2 (Fed. Cir. 2003)[5] (nonprecedential) (observing that the appellant's evidence that her spouse was partially disabled was insufficient, on its own, to demonstrate that he was unable to qualify for an appointment in the civil service or D.C. Government); *cf. Redus v. U.S. Postal Service*, 88 M.S.P.R. 193, ¶¶ 11-12 (finding the appellant was entitled to preference-eligible status when she presented evidence that, due to a service-connected 100% disability rating for mental incompetence, her spouse would not have qualified for any position in the civil service or in D.C. Government), *aff'd*, 25 F. App'x 904 (Fed. Cir. 2001).

¶12        The appellant does not challenge the administrative judge's refusal to address her claims of prohibited personnel practices, harmful procedural error, and violations of common law contract principles, and we discern no reason to disturb these findings.  ID at 4 n.2; *see Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980) (explaining that prohibited personnel practices under 5 U.S.C. § 2302(b) are not an independent source of Board jurisdiction), *aff'd*, 681 F.2d 867 (D.C. Cir. 1982); *see also Ward v. Office of Personnel Management*, 103 M.S.P.R. 24, ¶ 5 (2006) (finding that the Board properly concluded that it lacked jurisdiction over contract claims with the United States),

---

[4] In fact, on the Standard Form 15 the appellant submitted in support of her entitlement to veterans' preference with the application for the Paralegal Specialist position, when asked whether her spouse had resigned from, been disqualified for, or separated from a position in the Federal civil service or D.C. Government along the lines of his usual occupation because of service-connected disability, the appellant responded in the negative.  IAF, Tab 6 at 65-66.

[5] The Board may follow a nonprecedential decision of the U.S. Court of Appeals for the Federal Circuit when, as here, it finds its reasoning persuasive.  *Morris v. Department of the Navy*, 123 M.S.P.R. 662, ¶ 13 n.9 (2016).

*aff'd*, 217 F. App'x 937 (Fed. Cir. 2007). The initial decision therefore is affirmed.

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2)** **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.   5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          /s/ for
                                        Jennifer Everling
                                        Acting Clerk of the Board
Washington, D.C.